N THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JAMES P. EDWARDS                                    Civil Action NO.

     Plaintiff,

     vs.

THE COUNTY OF WESTMORELAND,
JOHN R. WALTON, WARDEN,
STEVEN GREENWALT, C.O.,
CHRISTOPHER PICKARD, C.O.,
CRAIG PETRUS, C.O., and
RANDY MILLER, SGT., individually
and in their official capacities,

     Defendants.

**JURY TRIAL DEMANDED**

## <u>COMPLAINT</u>

1.  The Plaintiff, James P. Edwards, (hereinafter referred to as "Plaintiff") is an adult individual residing at 413 Oak Lake Road, New Kensington, County of Westmoreland, Commonwealth of Pennsylvania, 15068, and at all times relevant hereto was, inter alia, an inmate, incarcerated upon conviction, parole violation or, awaiting trial at Defendant Westmoreland County Prison, and in the custody, control and supervision of Defendant Westmoreland County Prison.

2.  The Defendant Westmoreland County (hereinafter "Defendant County"), is an independent agency and/or political subdivision of the Commonwealth of Pennsylvania with a registered address at 2 North Main Street, Greenburg, Pennsylvania 15601 and is a public employer and thus is covered by the provisions of 42 U.S.C. Section 1983.

3. Defendant County is responsible for the operations, maintenance, promulgation of policies and procedures, and employees, agents and/or servants of the Westmoreland County Prison.

4. Liability on the part of Defendant County is not predicated on respondeat superior or vicarious liability. Liability of Defendant County is predicated upon Defendant County's Prison deliberate indifference to the rights of the Plaintiff, as established in <u>Monell v. Dept. of Social Services</u>, 436 U.S. 658 (1978) and its progeny.

5. The Defendant, John R. Walton, Warden is a resident of Westmoreland County, Pennsylvania, (hereinafter "Defendant Walton"), was and is the warden for the Defendant's County Prison and at all times relevant thereto was the highest ranking supervisor and is and was at all times relevant was acting under the color of state law.

6. The Defendant Steven Greenwalt is a resident of Westmoreland County, Pennsylvania (hereinafter "Defendant Greenwalt") was employed as a corrections officer for the Defendant's County Prison and at all times relevant hereto was charged with the responsibility of the supervision, safety and security of the prisoners at Defendant Prison and was acting under color of state law.

7. The Defendant Christopher Pickard is a resident of Westmoreland County, Pennsylvania (hereinafter "Defendant Pickard") was employed as a corrections officer for the Defendant's County Prison and at all times relevant hereto was charged with the responsibility of the supervision, safety and security of the prisoners at Defendant Prison and was acting under color of state law.

8. The Defendant Craig Petrus is a resident of Westmoreland County, Pennsylvania (hereinafter "Defendant Petrus") was employed as a corrections officer for the Defendant's County Prison and at all times relevant hereto was charged with the responsibility of the

supervision, safety and security of the prisoners at Defendant Prison and was acting under color of state law.

9. The Defendant Randy Miller is a resident of Westmoreland County, Pennsylvania (hereinafter "Defendant Miller") was employed and had earned the position of sergeant at Defendant's County Prison and at all times relevant hereto was charged with the responsibility of supervising, assigning, coordinating, reviewing and participating in the work of staff responsible for improving correctional facility operations and was acting under color of state law.

10. At all times relevant hereto, Defendant County was acting through its partners, directors, agents, subsidiary officers, employees and assigns acting within the full scope of their agency, office, employment or assignment.

11. Plaintiff brings the within cause of action pursuant to 42 U.S.C. § 1983 for the deprivation of Plaintiff's civil rights.

12. All of the above mentioned Defendants are state actors who, at all times relevant hereto, were acting under the color of state law, statute, ordinance, regulation, custom and/or usage of the Commonwealth of Pennsylvania.

13. Defendant County, Prison and Board designed, created, promulgated, adopted and/or implemented the policies, procedures, rules, regulations and/or customs governing the hiring, supervision, training and/or conduct of the corrections officers, guards, and/or sergeants.

### JURISDICTION AND VENUE

14. The United States District Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. § 1331 et seq. and 28 U.S.C. § 1343. This action arises out of violations of the Constitution and laws of the United States.

15. This Court has subject matter jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

16. This Court has personal jurisdiction over all of the Defendants because, upon information and belief, all of the individual Defendants are residents of the Commonwealth of Pennsylvania or work, or have worked, for the Defendant's County Prison or its contractors and all Defendants have engaged in significant business within the district.

17. Venue is proper in this district under 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to the claims in this action occurred in the Western District of Pennsylvania.

## FACTS

18. Plaintiff had been paroled from a Texas prison in June. He was arrested on or about June 3, 2009 for an alleged parole violation while visiting his mother in New Kensington, County of Westmoreland, Commonwealth of Pennsylvania, and was taken to Defendant's County Prison.

19. The events complained of herein occurred initially on or about June 8, 2009, when the Plaintiff was incarcerated at Defendant's County Prison. It is averred that Plaintiff at that time was a pre-trial detainee.

20. On the aforementioned date, a few prisoners of which Plaintiff was included were ordered into their cells because some were smoking. All forms of tobacco are banned at Defendant's County Prison.

21. Plaintiff protested to Defendant Pickard that he should not be punished because he was not one of the prisoners smoking and asked if he could remain outside of his cell. Defendant Pickard notified a sergeant who went to Plaintiff's cell along with two other guards.

22. Later that evening, Defendant Miller and three guards (Defendants Greenwalt, Pickard and Petrus) took Plaintiff to a nearby counselor's office which was out of range of any video cameras.

23. Defendant Greenwald grabbed Plaintiff by the neck, slammed him into a filing cabinet, then pushed his head against the wall while exclaiming, "I'll kill you right now!"

24. Plaintiff slid to the floor as Defendant Greenwalt struck him in the mid-section with his knee and then punched him in the head.

25. As Plaintiff tried to stand, Defendant Greenwalt punched him in the mid-section.

26. Defendants Greenwalt, Prickard and Petrus and Defendant Miller witnessed and/or participated the above mentioned events.   Upon information and belief, other guards whose names are unknown to Plaintiff participated and/or witnessed this beating.

27. Afterwards, Plaintiff was taken to the prison's medical unit, where he was examined. The nurse said Plaintiff "complained of injuries he stated he received from a beating."

28. Plaintiff had a "small knot" on the back of his head and red marks on his neck, and he complained of sore ribs.  He was given 400 milligrams of Motrin for the pain.

29. A follow-up medical report on June 10, 2009 stated that Plaintiff had multiple injuries to the neck and head area and, also, ribs and back.  He also had a quarter-size contusion near his eye.

### COUNT I
**Violation of Due Process (Fourteenth Amendment)**
*James P. Edwards v. The County of Westmoreland*

30. Plaintiff hereby incorporates paragraphs 1 through 29, inclusive, as if set forth at length herein.

31. Defendant County was deliberately indifferent to Plaintiff's constitutionally guaranteed rights to due process, pursuant to the Fourteenth Amendment of the United States Constitution, because the policies, procedures, rules, regulations and/or customs of the Defendant County deprived Plaintiff of those rights in that:

> (a) Each and every act of the corrections officers, guards, and/or sergeants employed at Defendant Prison was performed pursuant to policies, procedures, rules, regulations and/or customs of Defendant County, all of which were formulated by and/or with the knowledge and approval

of Defendant County; and/or

(b) Defendant County, with deliberate indifference to Plaintiff's rights, knew its corrections officers, guards and/or sergeants were engaged in the use of unreasonable, unlawful and/or excessive force; and/or

(c) Defendant County, with deliberate indifference to Plaintiff's rights, failed to insure that security cameras were installed in locations where all areas of the Prison could be monitored at all times to insure the preservation of Plaintiff's health and well-being while incarcerated; and/or

(d) Defendant County, with deliberate indifference to Plaintiff's rights, had in place policies, procedures, rules, regulations and/or customs that permitted the use of unreasonable, unlawful and/or excessive force constituting a deprivation of due process; and/or

(e) Defendant County, with deliberate indifference to Plaintiff's rights, failed to have in place policies, procedures, rules, regulations and/or customs prohibiting the use of unreasonable, unlawful and/or excessive force constituting a deprivation of due process; and/or

(f) In the alternative, if Defendant County had policies, procedures, rules, regulations and/or customs prohibiting the use of unreasonable, unlawful and/or excessive force constituting a deprivation of due process by its corrections officers, guards, and/or sergeants, said policies, procedures, rules, regulations and/or customs are inadequate, which inadequacy was known, or should have been known to Defendant County, and Defendant County failed to act upon the inadequacy despite the substantial danger of the use of unreasonable, unlawful and/or excessive force, constituting a deprivation of due process, and/or

(g) Defendant County, with deliberate indifference to Plaintiff's rights, had policies, procedures, rules, regulations and/or customs that permitted the use of unreasonable, unlawful and/or excessive force constituting a deprivation of due process by its corrections officers, guards and/or sergeants when there was no probable cause for the use of such force; and/or

(h) Defendant County, with deliberate indifference to Plaintiff's rights, failed to have policies, procedures, rules, regulations and/or customs in place that prohibited the use of unreasonable, unlawful and/or excessive force constituting a deprivation of due process by its corrections officers, guards and/or sergeants when there was no probable cause for the use of such force; and/or

(i) In the alternative, if Defendant County had policies, procedures, rules, regulations and/or customs prohibiting the use of unreasonable, unlawful and/or excessive force constituting a deprivation of due

process by its corrections officers, guards and/or sergeants when there was no probable cause for the use of such force, said policies, procedures, rules, regulations and/or customs are inadequate, which inadequacy was known or should have been known to Defendant County, and Defendant County failed to act upon the inadequacy despite the substantial danger of the use of such force; and/or

(j) Defendant County, with deliberate indifference to Plaintiff's rights, had policies, procedures, rules, regulations and/or customs in place that permitted the use of unreasonable, unlawful and/or excessive force constituting a deprivation of due process by its corrections officers, guards and/or sergeants when there was probable cause for the use of such force; and/or

(k) Defendant County, with deliberate indifference to Plaintiff's rights, failed to have in place policies, procedures, rules, regulations and/or customs that prohibited the use of unreasonable, unlawful and/or excessive force constituting a deprivation of due process by its corrections officers, guards and/or sergeants when there was probable cause for the use of such force; and/or

(l) In the alternative, if Defendant County had in place policies, procedures, regulations, rules and/or customs prohibiting the use of unreasonable, unlawful and/or excessive force constituting a deprivation of due process by its corrections officers, guards, and/or sergeants when there was probable cause for the use of such force, they are inadequate, which inadequacy was known or should have been known to Defendant County, and Defendant County failed to act upon the inadequacy despite the substantial danger of a deprivation of due process; and/or

(m) Defendant County failed to adequately train and/or supervise its corrections officers, guards and/or sergeants in the use of unreasonable, unlawful and/or excessive force constituting a deprivation of due process; and/or

(n) Defendant County failed to adequately train and/or supervise its corrections officers, guards and/or sergeants in the use of unreasonable, unlawful and/or excessive force constituting a deprivation of due process when there was no probable cause for the use of such force; and/or

(o) Defendant County failed to adequately train and/or supervise its corrections officers, guards and/or sergeants to recognize the appropriate level of force to use in a given situation; and/or

(p) Defendant County failed to adequately train and/or supervise its corrections officers, guards and/or sergeants in the use of unreasonable, unlawful and/or excessive force, regardless of whether there was probable cause for doing so or not, when Defendant County

knew or should have known that its corrections officers, guards and/or sergeants were using such force, constituting a deprivation of due process; and/or

(q) Defendant County, with deliberate indifference to Plaintiff's rights, inadequately trained and/or supervised its corrections officers, guards and/or sergeants, including Defendant Greenwalt, Defendant Pickard, Defendant Petrus, Defendant Hutchinson, Defendant Billheimer and Defendant Miller, in the use of unreasonable, unlawful and/or excessive force, regardless of whether there was probable cause for doing so or not, when Defendant County knew or should have known that there was no policies, procedures, rules, regulations, and/or customs pertaining to the use of such force and thus, posed a risk for the use of such force, constituting a deprivation of due process, and/or

(r) Defendant County, with deliberate indifference to Plaintiff's rights, inadequately trained and/or supervised its corrections officers, guards and/or sergeants, including Defendant Greenwalt, Defendant Pickard, Defendant Petrus, Defendant Hutchinson, Defendant Billheimer and Defendant Miller, in the use of unreasonable, unlawful and/or excessive force, regardless of whether there was probable cause for doing so or not, when Defendant County knew or should have known that there was policies, procedures, rules, regulations, and/or customs that permitted the use of such force, constituting a deprivation of due process and such, posed a risk for the occurrence of a deprivation of due process.

32. As a direct and proximate result of Defendant County's violations of Plaintiff's constitutionally guaranteed rights pursuant to the Fourteenth Amendment of the United States Constitution, Plaintiff was subjected to a deprivation of due process by the above named corrections officers, guards and/or sergeants, and as a result suffered injuries to his neck, head, face, ribs and back.

33. Under the circumstances that existed on June 8, 2009, such force and violence should not have been used upon Plaintiff. The use of force was excessive, a deprivation of due process and was without provocation and without probable cause.

34. As a direct and proximate result of the foregoing violations by Defendant County, Plaintiff claims monies expended for medical expenses he incurred as a result of his injuries.

35. As a direct and proximate result of the foregoing violations of Defendant County, Plaintiff claims damages for the pain, suffering, inconvenience, humiliation and embarrassment sustained by Plaintiff.

36. As a direct and proximate result of the foregoing violations by the Defendant County, Plaintiff claims monies expended for legal fees and costs.

37. As a direct result of the foregoing violations by the Defendant County, the Plaintiff claims punitive damages pursuant to 42 U.S.C. § 1983.

WHEREFORE, the Plaintiff requests judgment in his favor and against the Defendant County, together with attorneys' fees and costs.

### COUNT II
### Violation of Due Process (Fourteenth Amendment)
### *James P. Edwards v. John R. Walton, Warden*

38. Plaintiff hereby incorporates paragraphs 1 through 39, inclusive, as if set forth at length herein.

39. Defendant Walton was deliberately indifferent and/or violated to Plaintiff's constitutionally guaranteed rights to due process, pursuant to the Fourteenth Amendment of the United States Constitution, in that, in his official capacity as Warden of the Westmoreland County Prison, he:

    (a) With deliberate indifference to Plaintiff's rights, he failed to insure Defendant County had policies, procedures, rules, regulations and/or customs in place that prohibited the use of unreasonable, unlawful, and/or excessive force by its corrections officers, guards and/or sergeants; and/or

    (b) With deliberate indifference to Plaintiff's rights, he failed to prevent Defendant County from implementing policies, procedures, rules, regulations and/or customs that permitted the use of unreasonable, unlawful and/or excessive force by its corrections officers, guards and/or sergeants; and/or

    (c) In the alternative, if Defendant County had policies, procedures, rules, regulations and/or customs in place prohibiting the use of unreasonable, unlawful and/or excessive force while incarcerated, they are inadequate, which inadequacy was known to Defendant Walton,

and Defendant Walton failed to act upon the inadequacy despite substantial danger of unreasonable, unlawful and/or excessive force; and/or

(d) With deliberate indifference to Plaintiff's rights, he failed to prevent Defendant Greenwalt, Defendant Pickard, Defendant Petrus, Defendant Hutchinson, Defendant Billheimer and Defendant Miller from treating Plaintiff in any such manner so as to inflict wanton and unnecessary pain, and thereby using unreasonable, unlawful and/or excessive force; and/or

(e) With deliberate indifference to Plaintiff's rights, he failed to insure that Defendant County's Prison corrections officers, guards and/or sergeants were adequately trained and/or supervised in the prevention of unreasonable, unlawful and/or excessive force; and/or

(f) With deliberate indifference to Plaintiff's rights, he had knowledge Defendant County's Prison corrections officers, guards and/or sergeants were engaged in the use of unreasonable, unlawful and/or excessive force; and/or

(g) With deliberate indifference to Plaintiff's rights, he failed to insure implementation of policies, procedures, rules, regulations and/or customs to guarantee the prevention of any unreasonable, unlawful and/or excessive force used by corrections officers, guards and/or sergeants; and/or

(h) With deliberate indifference to Plaintiff's rights, he failed to insure Defendant County had security cameras installed in locations where all areas of the Prison could be monitored at all times to insure the preservation of Plaintiff's health and well-being while incarcerated; and/or

(i) With deliberate indifference to Plaintiff's rights, he had the knowledge that the security cameras in Defendant County's Prison were not in all areas of the Prison and thus unreasonable, unlawful and/or excessive force could be inflicted upon Plaintiff out of view and ultimately failing to preserve Plaintiff's heath and well-being while incarcerated; and/or

(j) With deliberate indifference to Plaintiff's rights and given prior incidents and claims filed against Defendant County for the identical use of unreasonable, unlawful and/or excessive force by corrections officers, guards and/or sergeants which he had knowledge, failed to take proper action against the use of such force; and/or

(k) With deliberate indifference to the Plaintiff's rights, he inadequately trained and/or supervised the Defendant County's Prison corrections officers, guards and/or sergeants, including Defendant Greenwalt, Defendant Pickard, Defendant Petrus, Defendant Hutchinson,

Defendant Billheimer and Defendant Miller, in the prohibited use of unreasonable, unlawful and/or excessive force, when Defendant Walton knew that there was no policies, procedures, rules, regulations and/or customs preventing the use of unreasonable, unlawful and/or excessive force, and as such, posed a risk for the use of such force; and/or

(l) With deliberate indifference to Plaintiff's rights, he inadequately trained and/or supervised the Defendant County's Prison corrections officers, guards and/or sergeants, including Defendant Greenwalt, Defendant Pickard, Defendant Petrus, Defendant Hutchinson, Defendant Billheimer and Defendant Miller in the prohibition of the use of unreasonable, unlawful and/or excessive force, when Defendant Walton knew or should have known that there were policies, procedures, rules, regulations and/or customs that permitted the use of unreasonable, unlawful and/or excessive force and as such, posed a risk for the use of such force; and/or

(m) With deliberate indifference to Plaintiff's rights, he inadequately trained and/or supervised the Defendant County's Prison corrections officers, guards and/or sergeants, including Defendant Greenwalt, Defendant Pickard, Defendant Petrus, Defendant Hutchinson, Defendant Billheimer and Defendant Miller, in the prohibited use of unreasonable, unlawful and/or excessive force, when Defendant Walton knew or should have known that the policies, procedures, rules, regulations and/or customs in place to prohibit the use of such force were inadequate and/or not being observed and as such, posed a risk for the use of such force.

40. As a direct and proximate result of Defendant Walton's violations of the Plaintiff's Constitutionally guaranteed rights pursuant to the Fourteenth Amendment of the United States Constitution, Plaintiff was subjected to a deprivation of due process by the above named corrections officers, guards and/or sergeants, and as a result suffered unnecessary and wanton infliction of pain resulting in injuries to his neck, head, face, ribs and back.

41. Under the circumstances that existed on June 8, 2009, such force and violence should not have been used upon Plaintiff. The use of force was excessive, a deprivation of due process and was without provocation and without probable cause.

42. As a direct and proximate result of the foregoing violations by Defendant Walton, Plaintiff claims monies expended for medical expenses he incurred as a result of his injuries.

43. As a direct and proximate result of the foregoing violations of Defendant Walton, Plaintiff claims damages for the pain, suffering, inconvenience, humiliation and embarrassment sustained by Plaintiff.

44. As a direct and proximate result of the foregoing violations by the Defendant Walton, Plaintiff claims monies expended for legal fees and costs.

45. As a direct result of the foregoing violations by Defendant Walton, the Plaintiff claims punitive damages pursuant to 42 U.S.C. § 1983.

WHEREFORE, the Plaintiff requests judgment in his favor and against Defendant Walton, together with attorneys' fees and costs.

### COUNT III
**Violation of Due Process (Fourteenth Amendment)**
*James P. Edwards v. Steven Greenwalt, C.O.*

46. Plaintiff hereby incorporates paragraphs 1 through 29, inclusive, as if set forth at length herein.

47. Defendant Greenwalt was deliberately indifferent to and/or violated Plaintiff's constitutionally guaranteed rights to due process, pursuant to the Fourteenth Amendment of the United States Constitution, in that, in his official capacity as a corrections officer at Defendant County's Prison, he:

    (a) Intentionally and/or negligently and without provocation used excessive force, in the seizure of Plaintiff's body, constituting a deprivation of his rights to due process; and/or

    (b) Intentionally and/or negligently and without provocation witnessed the use of excessive force in the seizure of Plaintiff's body, constituting a deprivation of his rights to due process; and/or

    (c) Intentionally and/or negligently and without provocation, used excessive force in the seizure of the Plaintiff's body, when he knew or had reason to know that the use of such force was excessive and an unreasonable seizure of the Plaintiff's body; and/or

    (d) Intentionally and/or negligently and without provocation, witnessed the use of excessive force in the seizure of the

Plaintiff's body by fellow officers and/or sergeants when he knew or had reason to know that the use of such force was excessive and an unreasonable seizure of the Plaintiff's body; and/or

(e) Intentionally and/or negligently and without provocation, used excessive force in the seizure of the Plaintiff's body, when he knew or had reason to know that there was no probable cause for the use of such force; and/or

(f) Intentionally and/or negligently and without provocation witnessed the use of excessive force in the seizure of Plaintiff's body, when he knew or had reason to know that there was no probable cause for the use of such force; and/or

(g) Intentionally and/or negligently and without provocation, used force, when he knew or had reason to know that the use of such force was excessive; and/or

(h) Intentionally and/or negligently and without provocation witnessed the use of force on Plaintiff's body by fellow officers and/or sergeants, when he knew or had reason to know that the use of such force was excessive and/or without probable cause; and/or

(i) Intentionally and/or negligently and without provocation used excessive force, when he knew that the Plaintiff was unarmed; and/or

(j) Intentionally and/or negligently and without provocation witnessed the use of excessive force on Plaintiff's body by fellow officers and/or sergeants, when he knew that the Plaintiff was unarmed; and/or

(k) In failing to use other non-excessive measures in in the seizure of Plaintiff's body; and/or

(l) In failing to recommend the use of other non-excessive measures when he witnessed the excessive force used in the seizure of Plaintiff's body by fellow officers and/or sergeants; and/or

(m) Intentionally and/or negligently did not follow the policies, procedures, rules, regulations and/or customs of Defendant County's Prison on the use of non-excessive force in the seizure of Plaintiff's body.

(n) Intentionally and/or negligently did not follow the policies, procedures, rules regulations and/or customs of Defendant County's Prison by witnessing the use of excessive force in the seizure of Plaintiff's body by fellow officer and/or sergeants.

48.    As a direct and proximate result of Defendant Greenwalt's violations of Plaintiff's Constitutionally guaranteed rights pursuant to the Fourteenth Amendment to the United States Constitution, Plaintiff was physically and violently assaulted by Defendant Greenwalt and/or Defendant Greenwalt witnessed and failed to take action while fellow corrections officers, guards and/or sergeants physically and violently assaulted the Plaintiff, which resulted in injuries to Plaintiff's neck, head, face, ribs and back.

49. Under the circumstances present on June 8, 2009, Defendant Greenwalt should not have used such force and violence upon Plaintiff and/or been a witness to such force and violence upon Plaintiff.  Defendant Greenwalt's use of force and/or position as a witness to such use of force was excessive, a deprivation of due process and was without provocation and without probable cause.

50. As a direct and proximate result of the foregoing violations by Defendant Greenwalt, Plaintiff claims monies expended for medical expenses that he incurred as a result of his injuries.

51. As a direct and proximate result of the foregoing violations by Defendant Greenwalt, Plaintiff claims damages for the pain, suffering, inconvenience, humiliation and embarrassment sustained by Plaintiff.

52. As a direct and proximate result of the foregoing violations by Defendant Greenwalt, Plaintiff claims monies expended for legal fees and costs.

53. As a direct and proximate result of the foregoing violations by Defendant Greenwalt, Plaintiff claims punitive damages pursuant to 42 U.S.C. § 1983.

WHEREFORE, Plaintiff requests in his favor and against Defendant Greenwalt, together with attorneys' fees and costs.

### COUNT IV
**Violation of Due Process (Fourteenth Amendment)**
*James P. Edwards v. Christopher Pickard, C.O.*

54. Plaintiff hereby incorporates paragraphs 1 through 29, inclusive, as if set forth at length herein.

55. Defendant Pickard was deliberately indifferent to and/or violated Plaintiff's constitutionally guaranteed rights to due process, pursuant to the Fourteenth Amendment of the United States Constitution, in that, in his official capacity as a corrections officer at Defendant County's Prison, he:

    (a) Intentionally and/or negligently and without provocation used excessive force, in the seizure of Plaintiff's body, constituting a deprivation of his rights to due process; and/or

    (b) Intentionally and/or negligently and without provocation witnessed the use of excessive force in the seizure of Plaintiff's body, constituting a deprivation of his rights to due process; and/or

    (c) Intentionally and/or negligently and without provocation, used excessive force in the seizure of the Plaintiff's body, when he knew or had reason to know that the use of such force was excessive and an unreasonable seizure of the Plaintiff's body; and/or

    (d) Intentionally and/or negligently and without provocation, witnessed the use of excessive force in the seizure of the Plaintiff's body by fellow officers and/or sergeants when he knew or had reason to know that the use of such force was excessive and an unreasonable seizure of the Plaintiff's body; and/or

    (e) Intentionally and/or negligently and without provocation, used excessive force in the seizure of the Plaintiff's body, when he knew or had reason to know that there was no probable cause for the use of such force; and/or

    (f) Intentionally and/or negligently and without provocation witnessed the use of excessive force in the seizure of Plaintiff's body, when he knew or had reason to know that there was no probable cause for the use of such force; and/or

    (g) Intentionally and/or negligently and without provocation, used force, when he knew or had reason to know that the use of such force was excessive; and/or

    (h) Intentionally and/or negligently and without provocation witnessed the use of force on Plaintiff's body by fellow officers and/or sergeants, when he knew or had reason to know that the use of such force was excessive and/or without probable cause;

and/or

(i) Intentionally and/or negligently and without provocation used excessive force, when he knew that the Plaintiff was unarmed; and/or

(j) Intentionally and/or negligently and without provocation witnessed the use of excessive force on Plaintiff's body by fellow officers and/or sergeants, when he knew that the Plaintiff was unarmed; and/or

(k) In failing to use other non-excessive measures in in the seizure of Plaintiff's body; and/or

(l) In failing to recommend the use of other non-excessive measures when he witnessed the excessive force used in the seizure of Plaintiff's body by fellow officers and/or sergeants; and/or

(m) Intentionally and/or negligently did not follow the policies, procedures, rules, regulations and/or customs of Defendant County's Prison on the use of non-excessive force in the seizure of Plaintiff's body.

(n) Intentionally and/or negligently did not follow the policies, Procedures, rules regulations and/or customs of Defendant County's Prison in witnessing the use of excessive force in the seizure of Plaintiff's body by fellow officer and/or sergeants.

56. As a direct and proximate result of Defendant Pickard's violations of Plaintiff's Constitutionally guaranteed rights pursuant to the Fourteenth Amendment to the United States Constitution, Plaintiff was physically and violently assaulted by Defendant Pickard and/or Defendant Pickard witnessed and failed to take action while fellow corrections officers, guards and/or sergeants physically and violently assaulted the Plaintiff, which resulted in injuries to Plaintiff's neck, head, face, ribs and back.

57. Under the circumstances present on June 8, 2009, Defendant Pickard should not have used such force and violence upon Plaintiff and/or been a witness to such force and violence upon Plaintiff. Defendant Pickard's use of force and/or his position as a witness to such use of force was excessive, a deprivation of due process and was without provocation and without probable cause.

58. As a direct and proximate result of the foregoing violations by Defendant Pickard, Plaintiff claims monies expended for medical expenses that he incurred as a result of his injuries.

59. As a direct and proximate result of the foregoing violations by Defendant Pickard, Plaintiff claims damages for the pain, suffering, inconvenience, humiliation and embarrassment sustained by Plaintiff.

60. As a direct and proximate result of the foregoing violations by Defendant Pickard, Plaintiff claims monies expended for legal fees and costs.

61. As a direct and proximate result of the foregoing violations by Defendant Pickard, Plaintiff claims punitive damages pursuant to 42 U.S.C. § 1983.

WHEREFORE, Plaintiff requests in his favor and against Defendant Pickard, together with attorneys' fees and costs.

### COUNT V
**Violation of Due Process (Fourteenth Amendment)**
***James P. Edwards v Craig Petrus, C.O.***

62. Plaintiff hereby incorporates paragraphs 1 through 29, inclusive, as if set forth at length herein.

63. Defendant Petrus was deliberately indifferent and/or violated Plaintiff's constitutionally guaranteed rights to due process, pursuant to the Fourteenth Amendment of the United States Constitution, in that, in his official capacity as a corrections officer at Defendant County's Prison, he:

    (a) Intentionally and/or negligently and without provocation used excessive force, in the seizure of Plaintiff's body, constituting a deprivation of his rights to due process; and/or

    (b) Intentionally and/or negligently and without provocation witnessed the use of excessive force in the seizure of Plaintiff's body, constituting a deprivation of his rights to due process; and/or

    (c) Intentionally and/or negligently and without provocation, used excessive force in the seizure of the Plaintiff's body, when he knew or had reason to know that the use of such force was

excessive and an unreasonable seizure of the Plaintiff's body; and/or

(d) Intentionally and/or negligently and without provocation, witnessed the use of excessive force in the seizure of the Plaintiff's body by fellow officers and/or sergeants when he knew or had reason to know that the use of such force was excessive and an unreasonable seizure of the Plaintiff's body; and/or

(e) Intentionally and/or negligently and without provocation, used excessive force in the seizure of the Plaintiff's body, when he knew or had reason to know that there was no probable cause for the use of such force; and/or

(f) Intentionally and/or negligently and without provocation witnessed the use of excessive force in the seizure of Plaintiff's body, when he knew or had reason to know that there was no probable cause for the use of such force; and/or

(g) Intentionally and/or negligently and without provocation, used force, when he knew or had reason to know that the use of such force was excessive; and/or

(h) Intentionally and/or negligently and without provocation witnessed the use of force on Plaintiff's body by fellow officers and/or sergeants, when he knew or had reason to know that the use of such force was excessive and/or without probable cause; and/or

(i) Intentionally and/or negligently and without provocation used excessive force, when he knew that the Plaintiff was unarmed; and/or

(j) Intentionally and/or negligently and without provocation witnessed the use of excessive force on Plaintiff's body by fellow officers and/or sergeants, when he knew that the Plaintiff was unarmed; and/or

(k) In failing to use other non-excessive measures in in the seizure of Plaintiff's body; and/or

(l) In failing to recommend the use of other non-excessive measures when he witnessed the excessive force used in the seizure of Plaintiff's body by fellow officers and/or sergeants; and/or

(m) Intentionally and/or negligently did not follow the policies,

procedures, rules, regulations and/or customs of Defendant County's Prison on the use of non-excessive force in the seizure of Plaintiff's body.

(n) Intentionally and/or negligently did not follow the policies, Procedures, rules regulations and/or customs of Defendant County's Prison in witnessing the use of excessive force in the seizure of Plaintiff's body by fellow officer and/or sergeants.

64. As a direct and proximate result of Defendant Petrus' violations of Plaintiff's constitutionally guaranteed rights pursuant to the Fourteenth Amendment to the United States Constitution, Plaintiff was physically and violently assaulted by Defendant Petrus and/or Defendant Petrus witnessed and failed to take action while fellow corrections officers, guards and/or sergeants physically and violently assaulted the Plaintiff, which resulted in injuries to Plaintiff's neck, head, face, ribs and back.

65. Under the circumstances present on June 8, 2009, Defendant Petrus should not have used such force and violence upon Plaintiff and/or been a witness to such force and violence upon Plaintiff. Defendant Petrus' use of force and/or his position as a witness to such use of force was excessive, a deprivation of due process and was without provocation and without probable cause.

66. As a direct and proximate result of the foregoing violations by Defendant Petrus, Plaintiff claims monies expended for medical expenses that he incurred as a result of his injuries.

67. As a direct and proximate result of the foregoing violations by Defendant Petrus, Plaintiff claims damages for the pain, suffering, inconvenience, humiliation and embarrassment sustained by Plaintiff.

68. As a direct and proximate result of the foregoing violations by Defendant Petrus, Plaintiff claims monies expended for legal fees and costs.

69. As a direct and proximate result of the foregoing violations by Defendant Petrus, Plaintiff claims punitive damages pursuant to 42 U.S.C. § 1983.

WHEREFORE, Plaintiff requests in his favor and against Defendant Petrus, together with attorneys' fees and costs.

### COUNT VII
**Violation of Due Process (Fourteenth Amendment)**
*James P. Edwards v Randy Miller, SGT.*

70. Plaintiff hereby incorporates paragraphs 1 through 29, inclusive, as if set forth at length herein.

71. Defendant Miller was deliberately indifferent to and/or violated Plaintiff's constitutionally guaranteed rights to due process, pursuant to the Fourteenth Amendment of the United States Constitution, in that, in his official capacity as a sergeant at Westmoreland County Prison, he:

(a) Intentionally and/or negligently and without provocation used excessive force, in the seizure of Plaintiff's body, constituting a deprivation of his rights to due process; and/or

(b) Intentionally and/or negligently and without provocation witnessed the use of excessive force in the seizure of Plaintiff's body, constituting a deprivation of his rights to due process; and/or

(c) Intentionally and/or negligently and without provocation, used excessive force in the seizure of the Plaintiff's body, when he knew or had reason to know that the use of such force was excessive and an unreasonable seizure of the Plaintiff's body; and/or

(d) Intentionally and/or negligently and without provocation, witnessed the use of excessive force in the seizure of the Plaintiff's body by fellow officers and/or sergeants when he knew or had reason to know that the use of such force was excessive and an unreasonable seizure of the Plaintiff's body; and/or

(e) Intentionally and/or negligently and without provocation, used excessive force in the seizure of the Plaintiff's body, when he knew or had reason to know that there was no probable cause for the use of such force; and/or

(f) Intentionally and/or negligently and without provocation witnessed the use of excessive force in the seizure of Plaintiff's

body, when he knew or had reason to know that there was no probable cause for the use of such force; and/or

(g) Intentionally and/or negligently and without provocation, used force, when he knew or had reason to know that the use of such force was excessive; and/or

(h) Intentionally and/or negligently and without provocation witnessed the use of force on Plaintiff's body by fellow officers and/or sergeants, when he knew or had reason to know that the use of such force was excessive and/or without probable cause; and/or

(i) Intentionally and/or negligently and without provocation used excessive force, when he knew that the Plaintiff was unarmed; and/or

(j) Intentionally and/or negligently and without provocation witnessed the use of excessive force on Plaintiff's body by fellow officers and/or sergeants, when he knew that the Plaintiff was unarmed; and/or

(k) In failing to use other non-excessive measures in in the seizure of Plaintiff's body; and/or

(l) In failing to recommend the use of other non-excessive measures when he witnessed the excessive force used in the seizure of Plaintiff's body by fellow officers and/or sergeants; and/or

(m) Intentionally and/or negligently did not follow the policies, procedures, rules, regulations and/or customs of Defendant County's Prison on the use of non-excessive force in the seizure of Plaintiff's body.

(n) Intentionally and/or negligently did not follow the policies, procedures, rules regulations and/or customs of Defendant County's Prison in witnessing the use of excessive force in the seizure of Plaintiff's body by fellow officer and/or sergeants.

72. As a direct and proximate result of Defendant Miller's violations of Plaintiff's constitutionally guaranteed rights pursuant to the Fourteenth Amendment to the United States Constitution, Plaintiff was physically and violently assaulted by Defendant Miller and/or Defendant Miller witnessed and failed to take action while fellow corrections officers, guards

and/or sergeants physically and violently assaulted the Plaintiff, which resulted in injuries to Plaintiff's neck, head, face, ribs and back.

73. Under the circumstances present on June 8, 2009, Defendant Miller should not have used such force and violence upon Plaintiff and/or been a witness to such force and violence upon Plaintiff. Defendant Miller's use of force and/or his position as a witness to such use of force was excessive, a deprivation of due process and was without provocation and without probable cause.

74. As a direct and proximate result of the foregoing violations by Defendant Miller, Plaintiff claims monies expended for medical expenses that he incurred as a result of his injuries.

75. As a direct and proximate result of the foregoing violations by Defendant Miller, Plaintiff claims damages for the pain, suffering, inconvenience, humiliation and embarrassment sustained by Plaintiff.

76. As a direct and proximate result of the foregoing violations by Defendant Miller, Plaintiff claims monies expended for legal fees and costs.

77. As a direct and proximate result of the foregoing violations by Defendant Miller, Plaintiff claims punitive damages pursuant to 42 U.S.C. § 1983.

WHEREFORE, Plaintiff requests in his favor and against Defendant Miller, together with attorneys' fees and costs, in excess of the jurisdictional limits of this Honorable Court.

Respectfully submitted,

PORTNOY & QUINN, LLC

BY:  s/John E. Quinn
Attorney for Plaintiff
Pa. I.D. No. 23268

Portnoy & Quinn, LLC.
Firm No. 724
One Oxford Centre 36th FL.
Pittsburgh, PA  15219
412/765-3800